Appeal by self-insured employer from a decision and award of the Workmen’s Compensation Board. Appellant contests the findings of accident and of causal relationship. The board found that while claimant was working with an acetylene torch, sparks entered his eye, causing a very slight burn and abrasions, which gave rise to infection and ulceration eventually necessitating removal of the eye. Claimant testified that sparks flew into his face and some of them got under his safety goggles where they did not fit tightly and into his eye; that he felt something hot hit him and go into his face and eye; that his eye began to hurt and water and that he went immediately to the employer’s first-aid room. There his eye was washed after which he returned to his work. An hour or two later when his eye felt worse he returned to the first-aid room and the attendant there made an appointment with an ophthalmologist and sent claimant to him in a company ear. He used medication prescribed by the doctor until the second day succeeding and was then hospitalized. The doctor who first examined claimant treated him thereafter and performed the operation. He testified repeatedly that claimant sustained a traumatic injury to the eye and further testified, as did a consultant specialist, to the causal relationship which the board found. Appellant’s denial of accident is premised largely on its contention that the initial examination revealed no objective evidence of injury but the attending physician said that claimant sustained some sort of bum and that the contusion to which he testified “was a definite thing.” The board was warranted in finding accident upon the testimony of claimant and the two physicians who testified for him, if not, in fact, upon claimant’s testimony alone, and was entitled to accept the testimony of the experts who found causal relationship and to reject that which denied it. Decision and award affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.